✝ CHARLES W. BAKER v. LEO SCHOTT, TREAS.

**1. SIGNING A PETITION FOR SIDE STREET, NOT AN ADMISSION AS TO FRONTAGE.**

Where the owner of an improved lot which has a frontage of 50 feet on one street, and, which abuts 136 feet on another street, signs a petition to the council of a village, asking for the improvement of such side street in a certain manner, "and that an assessment (to which we hereby specially assent), to pay the costs and expenses of such improvement, be made according to the law of assessments, levied per foot front upon all the lots and lands so abutting upon said improvement," and such petition is signed by the owners of more than two-thirds, but less than three-fourths of the feet front abutting thereon, the lot of such owner is to be assessed on but fifty feet thereof, under the doctrine of the *Haviland case*, 50 Ohio St., 471.

**2. NOT BEING SIGNED BY THREE-FOURTHS, ONLY 25 PER CENT. COLLECTIBLE.**

Such petition not having been signed by the owners of three-fourths of the feet abutting on such improvement, the provisions of section 2272, Rev. Stat., making the whole assessment collectible, do not apply, and the assessment upon such lot for such improvement, amounting to over twenty-five per cent. of the value of the same after the improvement is made, is invalid, under the other following provisions of such section.

**3. LAW AS TO CORNER LOTS APPLIES TO SIDEWALKS.**

When the owner of such lot also signed a petition to the council asking for the construction of a sidewalk for 136 feet along said lot on Carter street, "one-half to be paid by the village in accordance with sec. 2334a, S. & B. Rev. Stat., the other half to be assessed upon all of the lots and lands so abutting upon the improvement," and this petition was also signed by the owners of two-thirds of the feet front of the property abutting upon the proposed improvement, and the improvement was made accordingly at the instance and request of the petitioners, the said petitioner is bound thereby and must pay the assessment for the one-half the costs of his said improvement.

**4. ILLEGAL PART ENJOINED ON CONDITION VALID PART BE PAID.**

Where the court finds that a portion of an assessment was legally made, it will order that upon payment of the same, the collection of the residue be enjoined.

On appeal from the Court of Common Pleas of Hamilton County.

SMITH, J.

The petition of the plaintiff avers that he is the owner of lot No. 20 in Baker's subdivision, of the village of Norwood. That it fronts 50 feet on Cortland avenue, which is the actual front of the lot, and extends along Carter street 136 feet. That the village has undertaken to improve Carter street along the side of this lot, and to assess plaintiff therefor $661.50, when the real value of the lot is but $300 or $400. That he has notified the village to correct the same, but it has not done so, but has certified it to the county auditor, who placed it on the duplicate for collection with a penalty thereon. That the village has also put a sidewalk along Carter street on this lot, and has added an assessment against the lot for 134 feet thereof, amounting to $108.50. That such assessments are illegal and void, and for double the value of the lot. Wherefore he prays for an injunction against the collection of any part thereof. The answer in effect is a general denial that the assessment is illegal.

The evidence in the case shows that lot 20 is a vacant corner lot—not improved in any way. That it fronts on Cortland avenue, and does not front on Carter street. The value of the lot after the improvement was completed is agreed to be $400.

Before the improvement of the street was commenced, a petition had been presented to the council of the village of Norwood, signed, as we understand the evidence, by the owners of more than two-thirds, but less than three-fourths, of the feet front abutting on the part of Carter street asked to be improved, (and which was improved as prayed for), praying for its improvement "by grading the same, macadamizing the road bed, paving gutters, laying crossings, and constructing necessary culverts and drains, and that an assessment (to which we hereby

specially assent), to pay the cost and expense of such improvement be made, according to the law of assessments levied per front foot upon all of the lots and lands so abutting on said improvement." This petition was signed by the plaintiff, for this and other lots on said street, purporting to abut on said street 294 feet.

It is admitted that the lot of plaintiff was assessed for this improvement for 136 feet, its full length on Carter street. It is also contended that under the doctrine of the *Haviland case*, the village had no right to do this, and could only assess the lot as if there were fifty feet front on Carter street. But it is urged that this petition signed by plaintiff estops him from making such claim. We think it does not have this effect—in the first place, it does not represent that plaintiff's lot 20 *fronts* 136 feet on Carter street. At the furthest it may be understood that it abuts thereon for 136 feet, but this is uncertain, as this and other lots are mingled together. But in the next place, it only asks that the assessment be made according to the law of assessments and this has been settled by the decision of the supreme court referred to. No more then of the assessment levied against this lot can be maintained than the 50-136 part thereof. And this, even if the petition was one signed by the owners of three-fourths of the feet front abutting thereon. But no such petition was filed here, under section 2272, Revised Statutes, and as a consequence, the assessment so made for the improvement of Carter street could not as against said lot No. 20 be valid for a greater sum than 25 per cent. of the value of such lot after the improvement is made—in this case, under the agreement as to the value of the lot, $100.

As to the assessment for the sidewalk, we are of the opinion that the whole should stand. A petition was presented to council signed by Mr. Baker for this lot, said by him to be 136 feet on Carter street, asking for the construction of the sidewalk, "one-half to be paid by the village in accordance with section 2334*a*, S. & B., Rev. Stat., the other half to be assessed upon all of the lots and lands so abutting on said improvement." This petition was signed by the owners of two-thirds of the property abutting on the improvement, and the assessment was made at the instance and request of the petitioners, and in the manner prayed for; and the plaintiff is bound thereby.

It is objected by the counsel for the village that the plaintiff cannot maintain his suit without having tendered the amount admitted to be due. He did not admit that anything was due. But the court can by its decree require him who seeks equity, to do equity, and the order here will be that, on the payment by the plaintiff of the amount found to be legally assessed for the street improvement, viz: $100, and for the sidewalk, viz: $108.50, and any proper interest and penalty thereon, the collection of the residue of said assessment will be enjoined. Under the circumstances, each party should pay one-half of the costs.

*C. W. Baker*, for plaintiff. *Wm. E. Bundy*, for defendant.